UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

EVA Y. PEÑA

                                      COMPLAINT

                  Plaintiff,            JURY DEMAND

      -against-

MACY'S INC.; ALEKSEY PREZENCHUK, as District
Director of Operations and Asset Protection; BRIAN SWIFT,
as Asset Protection Manager; DIVINDRA PERSAUD, as
Asset Protection Manager; SAMANTHA NEWTON-HENRY,
as Asset Protective Detective, THE CITY OF YONKERS;
PATRICK CURTIS, as Lieutenant, Police Department City of
Yonkers; CHRISTINA ZENKEWICH, as Sergeant, Police
Department City of Yonkers and SHAWN MARTIN, as Police
Officer, Police Department City of Yonkers, each sued
individually and in their official capacities as employees of
Defendant MACY'S INC., or THE CITY OF YONKERS

                        Defendants'

-------------------------------------------------------------------------x

      The Plaintiff EVA Y. PEÑA through her attorney The Sanders Firm, P.C., files this federal

complaint against Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT;

DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS;

PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN respectfully set forth

and allege that:

## INTRODUCTION

      This is an action for equitable relief and money damages on behalf of Plaintiff EVA Y.

PEÑA, (hereinafter referred to as "Plaintiff") who was and is being deprived of her civil rights

because of Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT;

DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS;

PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN constitutional violations.

Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York (NYPD) to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.      the Civil Rights Act of 1866, 42 U.S.C. § 1981(a), (b), and (c)

    b.      the Civil Rights Act of 1866, 42 U.S.C. § 1982

    c.      the Civil Rights Act of 1871, 42 U.S.C. § 1983

    d.      the Civil Rights Act of 1871, 42 U.S.C. § 1985(3)

    e.      New York State Executive Law § 296(2)(a), and

    f.      New York Civil Rights Law § 40-c

2.      The unlawful practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

2

3.      Plaintiff EVA Y. PEÑA has filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff EVA Y. PEÑA is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or 1871, New York State Executive Law § 296(2)(a) or New York Civil Rights Law § 40-c.

**PLAINTIFF**

5.      Plaintiff EVA Y. PEÑA is a female citizen of the United States of America, over twenty-one (21) years of age and resident of Bronx County.

6.      Plaintiff EVA Y. PEÑA self identifies as Dominican, consistent with the [2020 US Census] question [about race] is based on an individual identifies. The United States recognizes race categories which include racial and national origins and sociocultural groups.

7.      Plaintiff EVA Y. PEÑA is a seventeen (17) year veteran with the Police Department City of New York, holds the rank of Sergeant and assigned to the Fleet Services Division in Queens County.

8.      Plaintiff EVA Y. PEÑA is a certified civil service applicant on the eligible list for the position of Lieutenant, Police Department City of New York.

9.      Plaintiff EVA Y. PEÑA alleges that since her arrest, the NYPD has canvassed the eligible list and passed over her names several times without promoting her.

**DEFENDANTS'**

10.     Defendant MACY'S INC., is an American Delaware holding company headquartered in New York 151 West 34th Street New York, N.Y. 10001, and publicly traded on the New York Stock Exchange as symbol M.

11.     Defendant ALEKSEY PREZENCHUK, as District Director of Operations and Asset Protection.

12.     Defendant BRIAN SWIFT, as Asset Protection Manager.

13.     Defendant DIVINDRA PERSAUD, as Asset Protection Manager.

14.     Defendant SAMANTHA NEWTON-HENRY, as Asset Protective Detective.

15.     Defendant THE CITY OF YONKERS, is a municipal corporation organized under the laws of the State of New York.

16.     Defendant PATRICK CURTIS, as Lieutenant, Police Department City of Yonkers.

17.     Defendant CHRISTINA ZENKEWICH, as Sergeant, Police Department City of Yonkers.

18.     Defendant SHAWN MARTIN, as Police Officer, Police Department City of Yonkers.

## BACKGROUND

### Macy's Historical Treatment of its Non-White Customers

#### a.  The 2005 OAG Memorandum Agreement

19.     In 2005, the Office of the New York State Attorney General ("OAG") alleged that Defendant MACY'S INC., has violated 42 U.S.C. §§ 1981 and 1982, New York Executive Law§ 296, New York Civil Rights Law§ 40, and the common law doctrine regarding false imprisonment.

20.     The OAG alleged that Defendant MACY'S INC., loss prevention employees have focused their attention on African-American and Hispanic customers and that the percentage of non-whites among those arrested for shoplifting was far greater than the percentage of Caucasians arrested for petit larceny either in its stores are located or at comparable retailers.

4

21.     Defendant MACY'S INC., denied the OAG's allegations of wrongdoing or liability.

22.     However, on or about December 13, 2005, Defendant MACY'S INC., entered into a court-ordered Memorandum Agreement with the OAG agreeing to adopt and implement a number of measures to resolve all matters surrounding the OAG's foregoing lawsuit against them.

**b. The 2013 OAG Assurance of Discontinuance AOD No.: 14-104**

23.     In 2013, the Office of the New York State Attorney General ("OAG") alleged that Defendant MACY'S INC., has violated 42 U.S.C. §§ 1981 and 1982, New York Executive Law§ 296, New York Civil Rights Law§ 40, and the common law doctrine regarding false imprisonment.

24.     The OAG alleged that Defendant MACY'S INC., loss prevention employees have focused their attention on African-American and Hispanic customers and that the percentage of non-whites among those arrested for shoplifting was far greater than the percentage of Caucasians arrested for petit larceny either in its stores are located or at comparable retailers.

25.     Defendant MACY'S INC., denied the OAG's allegations of wrongdoing or liability.

26.     However, on or about August 19, 2014, Defendant MACY'S INC., entered into an Assurance of Discontinuance with the OAG agreeing to adopt and implement a number of measures to resolve all matters surrounding the OAG's foregoing lawsuit against them.

**Prior Court Actions and Injunctive Relief**

**a. Orellana I**

27.     In <u>Orellana v. Macy's Retail Holdings, Inc.</u> 53. Misc. 3d 622, the Court granted

that plaintiff's motion for a preliminary injunction enjoining Defendant MACY'S INC., from

demanding, requesting, collecting, receiving, or accepting any payments in connection with

General Obligations Law § 11-105, from suspected shoplifters while they are detained in its

custody pursuant to General Business Law § 218, is granted and General Obligations Law § 11-

105.

28.     The <u>Orellana I</u> Court noted, the legislative intent behind General Business Law §

218 and General Obligations Law § 11-105, … show an intent to provide mercantile

establishments with a shield for the benefit of these establishments and the general public against

shoplifting. It is the manner in which this shield is being used that proves problematic.

29.     The <u>Orellana I</u> Court noted, Defendant MACY'S INC., treads on a thin line

between permissible and impermissible behavior when it implements the power it has been given

under the statutes.

30.     [Defendant MACY'S INC.] has taken the authority granted to it under General

Business Law § 218 to detain an individual for shoplifting, and has combined that with the

authority it is given under General Obligations Law § 11-105 to collect civil penalties from an

individual suspected of shoplifting.

31.     These statutes as allegedly applied by [Defendant MACY'S INC.] are being used

as a double-edged sword, instead of a shield.

32.     A suspected shoplifter is given no opportunity to otherwise object, have a hearing,

or receive guidance from counsel before signing a confession to shoplifting, and/or agreeing to

pay civil penalties because the civil penalties, are being demanded at the time the individual is

under detention by Defendant MACY'S INC.

33.     The Orellana I Court notes, a review of case law regarding a possible abuse of the power granted to mercantile establishments under General Business Law § 218, show strikingly similar patterns of suspected shoplifters signing "voluntary statements" to obtain their release from the merchant's custody, the subsequent arrest of these suspected shoplifters, and the voluntariness of these statements being brought into question. (Restrepo v Home Depot, U.S.A., Inc., 29 Misc 3d 1237[A], 958 N.Y.S.2d 648, 2010 NY Slip Op. 52185[U] [Sup. Ct., Queens County 2010]).[1]

### b. Orellana II

34.     In Orellana v. Macy's Retail Holdings, Inc., 2018 U.S. Dist. LEXIS 114521 (S.D.N.Y. July 1, 2018), the Court recognized that the Orellana I injunction was still in place. More importantly, the Court noted:

> Section 218 of the New York General Business Law ("GBL § 218"), which codifies the common-law "shopkeeper's privilege," provides that "[i]n any action for false arrest, false imprisonment, unlawful detention . . . assault, trespass, or invasion of civil rights" brought by an individual stopped at a retail establishment for investigation or questioning concerning "ownership of any merchandise[,] . . . it shall be a defense to such action that the person was detained in a reasonable manner and for not more than a reasonable time to permit such investigation or questioning[,]" and that the person detaining the individual "had reasonable grounds to believe that the person so detained was . . . committing or attempting to commit larceny on such premises of such merchandise."
> N.Y. Gen. Bus. Law § 218.

---

[1] NOTE: I Shepardized Orellana I and the injunction was never vacated.

35.     The purpose of GBL § 218 is "to protect merchants from false arrest suits even

where the criminal actions are eventually dismissed," and to help "overcome the extreme

reluctance with which merchants . . . attempt to interfere with shop-lifters." Jacques v. Sears,

Roebuck & Co., 30 N.Y.2d 466, 472, 285 N.E.2d 871, 334 N.Y.S.2d 632 (1972) (internal

quotation marks omitted); see also Guion v. Associated Dry Goods Corp. (Lord & Taylor Div.),

56 A.D.2d 798, 798, 393 N.Y.S.2d 8 (1st Dep't 1977) ("[A]lthough store owners may not

proceed with abandon to rectify the problem [of shoplifting], they should not be deterred from

attempting to apprehend those responsible for the theft of merchandise."), aff'd, 43 N.Y.2d 876,

374 N.E.2d 364, 403 N.Y.S.2d 465 (1978).

36.     Section 11-105 of the New York General Obligations Law ("GOL § 11-105")

provides, in relevant part, that "[a]n adult or emancipated minor who commits larceny against the

property of a mercantile establishment shall be civilly liable to the operator [thereof] in an

amount consisting of," (a) "the retail price of the merchandise if not recovered in a merchantable

condition," up to $1,500, and (b) "a penalty not to exceeded the greater of five times the retail

price of the merchandise," or $75, "provided, however, that in no event shall such penalty

exceed" $500. N.Y. Gen. Oblig. Law § 11-105(5), (6). Under the statute, "[t]he fact that an

operator of a mercantile establishment may bring an action against an individual as provided in

this section shall not limit the right of such merchant to demand, orally or in writing, that a

person who is liable for damages and penalties . . . remit the damages and penalties prior to the

commencement of any legal action." Id. § 11-105(8).

37.     The Assembly and Senate bill jackets corresponding to GOL § 11-105's

enactment announce its purpose as "authoriz[ing] a merchant to institute a civil cause of action

for shoplifting violations instead of relying upon a District Attorney to institute a criminal cause

of action for petty larceny." N.Y. Bill Jacket, S.B. 3916/A.B. 5783, 189th Leg., 1991 Sess., ch. 724, at 4-5 (1991). The bill jackets go on to describe GOL § 11-105's intended benefits as follows:

> The store owner will be authorized to recover damages against the shoplifter instead of being forced to raise prices against the public. Therefore, the person committing the crime will bear the expense of enforcement and litigation as opposed to having the public at large pay higher prices for shoplifting losses and surveillance expenses. The criminal courts will be relieved of prosecuting these cases. Further, this proposal will allow most cases to be resolved through a civil case or [out] of court settlement. Accordingly, teenagers and others who are caught will be allowed to resolve their shoplifting infraction without being saddled with a criminal record. Id.; see also id. at 101 (Letter from Hon. Eric N. Vitaliano, The Assembly, State of New York, to Hon. Elizabeth D. Moore, Counsel to the Governor, State of New York (Sept. 3, 1991) (noting that retailers in states that have enacted similar provisions "have not felt compelled to pursue criminal process as the only way to stop the shoplifting crime wave")).

38.    Finally, General Obligations Law § 11-105 (12), specifically notes, **any testimony or statements of the defendant or unemancipated minor child of the defendant or any evidence derived from an attempt to reach a civil settlement or from a civil proceeding brought under this section shall be inadmissible in any other court proceeding relating to such larceny.**

### The False Arrest

39.    Plaintiff EVA Y. PEÑA alleges that without "waiving" her constitutional rights under (Garrity v New Jersey, 385 US 493 [1967]) or Kastigar v. United States, 406 U.S. 441, 92

9

S. Ct. 1653, 32 L. Ed. 2d 212 (1972), she will describe the following as evidenced in documents (video files) maintained by the Office of the District Attorney, County of Westchester and Defendant MACY'S INC.

40.     Plaintiff EVA Y. PEÑA alleges on or about September 3, 2019, as a longtime customer she entered Defendant MACY, INC., retail location inside of the Cross County Mall 800 Central Park Avenue, Suite No.: 1 Yonkers, N.Y. 10704.

41.     Plaintiff EVA Y. PEÑA alleges that after shopping for a period of time, she entered one of the fitting rooms.

42.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY and terminated Asset Protect Detective Anthony Gordon was surveilling her via video camera.

43.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, Defendant SAMANTHA NEWTON-HENRY dressed in street clothing followed her into the fitting room.

44.     Plaintiff EVA Y. PEÑA alleges that after a period of time, she left the fitting room and continued shopping.

45.     Plaintiff EVA Y. PEÑA alleges that a short time later, Defendant SAMANTHA NEWTON-HENRY can be seen leaving the fitting room.

46.     Plaintiff EVA Y. PEÑA alleges that after shopping for a period of time, she entered one of the ladies' rooms.

47.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY and terminated Asset Protect Detective Anthony Gordon continued surveilling her via video camera.

48.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, Defendant SAMANTHA NEWTON-HENRY dressed in street clothing followed her into the ladies' room.

49.     Plaintiff EVA Y. PEÑA alleges that after a period of time, she left the ladies' room and continued shopping.

50.     Plaintiff EVA Y. PEÑA alleges that a short time later, Defendant SAMANTHA NEWTON-HENRY can be seen leaving the ladies' room.

51.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, as documented in Macy's Incident Report No.: C-1174271, prepared by Defendant SAMANTHA NEWTON-HENRY, she, Defendants' BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY and terminated Asset Protect Detective Anthony Gordon were communicated information about Peña amongst themselves via the messaging system on their personal mobile devices.

52.     Plaintiff EVA Y. PEÑA alleges that unbeknownst to her at the time, as documented in Macy's Incident Report No.: C-1174271, prepared by Defendant SAMANTHA NEWTON-HENRY, she, Defendants' BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY and terminated Asset Protect Detective Anthony Gordon created several lists documenting articles of clothing viewed and carried into the fitting room.

53.     Plaintiff EVA Y. PEÑA alleges that as she exited the location, Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD and SAMANTHA NEWTON-HENRY stopped her from leaving the retail location by physically surrounding her.

54.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD and SAMANTHA NEWTON-HENRY surrounded and escorted her to the Loss Prevention Office. She was not free to leave.

55.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD and SAMANTHA NEWTON-HENRY lodged her inside of a holding cell.

56.     Plaintiff EVA Y. PEÑA alleges that while inside the holding cell, Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD and SAMANTHA NEWTON-HENRY removed articles of clothing from her Louis Vuitton handbag.

57.     Plaintiff EVA Y. PEÑA alleges that while inside the holding cell, Defendants' MACY'S INC. and BRIAN SWIFT gave her unknown documents to complete but, never received copies.

58.     Plaintiff EVA Y. PEÑA alleges that after a period of time, Defendants' MACY'S INC.; BRIAN SWIFT; DIVINDRA PERSAUD and SAMANTHA NEWTON-HENRY notified Defendant ALEKSEY PREZENCHUK regarding the *alleged* legal basis for the arrest.

59.     Plaintiff EVA Y. PEÑA alleges that a short time later, Defendants' MACY'S INC., and SAMANTHA NEWTON-HENRY notified Defendant THE CITY OF YONKERS and the police responded.

60.     Plaintiff EVA Y. PEÑA alleges that Defendant SHAWN MARTIN responded along with his partner Police Officer Christopher Casareale.

61.     Plaintiff EVA Y. PEÑA alleges that Defendant CHRISTINA ZENKEWICH as Defendant SHAWN MARTIN'S police supervisor also responded.

62.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY gave an official "false" statement on behalf of Defendant MACY, INC., to Defendant SHAWN MARTIN as documented in Yonkers Police Department Incident Report No.: 19107715.

63.     Plaintiff EVA Y. PEÑA alleges that the aforementioned report was prepared by Defendant SHAWN MARTIN and witnessed by Defendant CHRISTINA ZENKEWICH.

64.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH she observed a
female, later identified as Eva Peña (SA), select merchandise from the women's section and walk
into the fitting room with the merchandise in her hand.

65.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that she
observed her walk out of the fitting room without the merchandise in her hand.

66.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that she
observed Eva Peña (SA) pass all points of sale and at that time.

67.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that **she
approached Eva Pena (SA) and identified herself as Macy's Loss Prevention**.

68.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that **she asked
Eva Peña (SA) to open her purse, at which time Eva Peña (SA) opened her purse, revealing
the merchandise.**

69.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-
HENRY told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that she detained
Eva Peña (SA) without incident and contacted the police.

70.     Plaintiff EVA Y. PEÑA alleges that as documented in the aforementioned
Yonkers Police Department Incident Report, Defendants' SHAWN MARTIN and CHRISTINA
ZENKEWICH verified Peña's employment with the NYPD.

71.     Plaintiff EVA Y. PEÑA alleges that as documented in the aforementioned Yonkers Police Department Incident Report, Peña told Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH that she did not steal anything and was set-up.

72.     Plaintiff EVA Y. PEÑA alleges that Police Officer Casareale refused to "take this bag of shit!"

73.     Plaintiff EVA Y. PEÑA alleges that despite her pleas, Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH "intentionally" did not bother to "independently" investigate her claims of innocence although (video files) maintained by Defendant MACY'S INC., were readily available for instant review.

74.     Plaintiff EVA Y. PEÑA alleges that the (video files) maintained by Defendant MACY'S INC., would have established that Defendant SAMANTHA NEWTON-HENRY "intentionally" made "false" representations to Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH regarding her observations and interactions with Peña.

75.     Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY intentionally "falsely" arrested her in contravention of the Orellana I injunction, where the Court granted that Orellana's motion for a preliminary injunction enjoining Defendant MACY'S INC., from demanding, requesting, collecting, receiving, or accepting any payments in connection with General Obligations Law § 11-105, from suspected shoplifters while they are in its custody pursuant to General Business Law § 218.

76.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT and DIVINDRA PERSAUD "intentionally" failed to ensure that Defendant SAMANTHA NEWTON-HENRY DID NOT "falsely" arrest her in contravention of the Orellana I injunction or contact the police in violation of the legislative intent of General

Obligations Law § 11-105, General Business Law § 218 and General Obligations Law § 11-105 (12).

77. Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY DID NOT have "probable cause" or more pointedly, DID NOT observe any crime committed in her presence to arrest Peña for petit larceny as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

78. Plaintiff EVA Y. PEÑA alleges that as noted in the secondary materials, "since mere suspicion and surmise are not enough for a private person to make an arrest, the arrest of a defendant by a store security guard who actually never saw defendant commit the crime of petit larceny on mere reasoning and suspicion was illegal, notwithstanding the guard had observed defendant take merchandise into fitting rooms and leave without returning the merchandise to the racks and the merchandise was not found in the fitting rooms after defendant had left." CPL § 140.30.

79. Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY under the authority of Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT and DIVINDRA PERSAUD "intentionally" gave "false" information to Defendant SHAWN MARTIN and he "adopted" her false representations without "independently" establishing her legal authority to arrest Peña arrest for petit larceny as charged in the Misdemeanor Information under CPL § 140.30. *See* People v. Williams, 53 Misc.2d 1086.

80. Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT and DIVINDRA PERSAUD "intentionally" failed to ensure that Defendant SAMANTHA NEWTON-HENRY DID NOT "falsely' arrest Peña for petit larceny as

charged in the Misdemeanor Information under CPL § 140.30. *See* People v. Williams, 53 Misc.2d 1086.

81.     Plaintiff EVA Y. PEÑA alleges that Defendant CHRISTINA ZENKEWICH as Defendant SHAWN MARTIN'S police supervisor, "intentionally" failed to ensure that he "independently" determine that Defendant SAMANTHA NEWTON-HENRY had "probable cause" or more pointedly, observed Peña commit the crime of petit larceny in her presence as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

82.     Plaintiff EVA Y. PEÑA alleges that Defendant CHRISTINA ZENKEWICH "intentionally" failed to "independently' determine that Defendant SAMANTHA NEWTON-HENRY had "probable cause" or more pointedly, observed Peña commit the crime of petit larceny in her presence as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

83.     Plaintiff EVA Y. PEÑA alleges that despite Defendants' SHAWN MARTIN and CHRISTINA ZENKEWICH "intentionally" failing to "independently" establish that Defendant SAMANTHA NEWTON-HENRY had "probable cause" or more pointedly, observed Peña commit the crime of petit larceny in her presence as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086, Peña was handcuffed by Defendant SHAWN MARTIN and transported to Defendant THE CITY OF YONKERS Police Headquarters for arrest processing.

84.     Plaintiff EVA Y. PEÑA alleges that upon her arrival, Defendant PATRICK CURTIS "intentionally" failed to "independently" establish that Defendant SAMANTHA NEWTON-HENRY had "probable cause" or more pointedly, observed Peña commit the crime of

petit larceny in her presence as charged in the Misdemeanor Information under CPL § 140.30

*See* People v. Williams, 53 Misc.2d 1086.

85.     Plaintiff EVA Y. PEÑA alleges that Defendant PATRICK CURTIS

"intentionally" failed to interview Defendant SAMANTHA NEWTON-HENRY and

"independently" establish that she had "probable cause" or more pointedly, observed Peña

commit the crime of petit larceny in her presence as charged in the Misdemeanor Information

under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

86.     Plaintiff EVA Y. PEÑA alleges that Defendant PATRICK CURTIS issued her a

Desk Appearance Ticket returnable to the Yonkers City Court on September 5, 2019.

**The Criminal Prosecution**

87.     Plaintiff EVA Y. PEÑA alleges that without "waiving" her constitutional rights

under (Garrity v New Jersey, 385 US 493 [1967]) or Kastigar v. United States, 406 U.S. 441, 92

S. Ct. 1653, 32 L. Ed. 2d 212 (1972), she disclosed a portion of Defendant SAMANTHA

NEWTON-HENRY'S testimony during the NYPD Department Trial in the Matter of the

Disciplinary Proceedings against Sergeant Eva Y. Peña, Case No.: 2019-21002.

88.     Plaintiff EVA Y. PEÑA alleges that on or about September 6, 2019, as evidenced

on an NYPD Worksheet regarding these matters, Defendant SHAWN MARTIN told Lieutenant

Karolina Wierzchowska of Housing Bureau Investigations that he "spoke with the Asset

Protection Officer (APO), who allowed him to view the CCTV footage associated with the

apprehension."

89.     Plaintiff EVA Y. PEÑA alleges that the aforementioned statement by Defendant

SHAWN MARTIN is either "true" or "false" and either version proves, as a former loyal

longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants'

MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD;

SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS;

CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously

prosecuting her without having observed a crime committed in their presence or probable cause in

the Yonkers City Court which led the Police Department City of New York (NYPD) to suspend,

then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of

New York with the recommendation to terminate her employment.

90.     Plaintiff EVA Y. PEÑA alleges that the video files are inconsistent with

Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA

PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS;

CHRISTINA ZENKEWICH and SHAWN MARTIN'S version of events.

91.     Plaintiff EVA Y. PEÑA alleges that on or about July 6, 2022, the NYPD

commenced the disciplinary trial against her in the Matter of the Police Department City of New

York v. Sergeant Eva Y. Peña Case No.: 2019-21002 before the Honorable Joshua Kleiman,

Assistant Deputy Commissioner – Trials. For the Department: Assistant Department Advocate

Penny Bluford-Garret, Esq. For the Respondent: Eric Sanders, Esq., of The Sanders Firm, P.C.

92.     Plaintiff EVA Y. PEÑA alleges that during Defendant SAMANTHA NEWTON-

HENRY'S direct and cross-examination, she disavowed the version as reported by Defendants'

SHAWN MARTIN and CHRISTINA ZENKEWICH and admitted she DID NOT see Peña

"conceal" anything in her Louis Vuitton bag in her presence or on camera and her actions are

based upon "assumptions." See NYPD Trial Transcript Pages 156 – 158, 178, 180, 209, 214 –

216, 222 – 223, 226, 228, 231, 246 – 250, 273 – 275.

93.     Plaintiff EVA Y. PEÑA alleges that therefore, Defendant SAMANTHA NEWTON-HENRY DID NOT have "probable cause" or more pointedly, DID NOT observe any crime committed in her presence to arrest Peña for petit larceny as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

94.     Plaintiff EVA Y. PEÑA alleges that therefore, establishing but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

95.     Plaintiff EVA Y. PEÑA alleges that on or about July 11, 2022, she provided the Office of the District Attorney, County of Westchester with the entire transcript of the first day of her disciplinary trial for the sole purpose of establishing that Defendant SAMANTHA NEWTON-HENRY DID NOT have "probable cause" or more pointedly, DID NOT observe any crime committed in her presence to arrest Peña for petit larceny as charged in the Misdemeanor Information under CPL § 140.30 *See* People v. Williams, 53 Misc.2d 1086.

96.     Plaintiff EVA Y. PEÑA alleges that since September 3, 2019, the Office of the District Attorney, County of Westchester has "intentionally" failed to "independently" verify that Defendant SAMANTHA NEWTON-HENRY DID NOT have "probable cause" or more pointedly, DID NOT observe any crime committed in her presence to arrest Peña for petit

larceny as charged in the Misdemeanor Information under CPL § 140.30 *See* <u>People v. Williams,</u> 53 Misc.2d 1086.

97.     Plaintiff EVA Y. PEÑA alleges that since July 11, 2022, the Office of the District Attorney, County of Westchester "intentionally" disregarded the aforementioned information regarding its main witness Defendant SAMANTHA NEWTON-HENRY along with other legal theories to avoid further violations of Peña's constitutional rights.

98.     Plaintiff EVA Y. PEÑA alleges that since September 3, 2019, the singular focus of the Office of the District Attorney, County of Westchester and the Yonkers City Court is for her to accept an Adjournment in Contemplation of Dismissal (ACD) under CPL § 170.55, and when she refuses, set a trial date instead of addressing her constitutional concerns.

99.     Plaintiff EVA Y. PEÑA alleges that notwithstanding the fact that the criminal and NYPD internal disciplinary prosecutions of Peña are "legally baseless," "unconstitutional" and in violation of the <u>Orellana I</u> Order and General Obligations Law § 11-105 (12), in her defense, she was able to establish through the cross-examination of Defendant SAMANTHA NEWTON-HENRY that she was less than "credible."

100.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted to engaging in the same sort of "unconstitutional," "racial profiling," and other unlawful "habit" evidence consistent with the violations contained in the 2005 OAG Memorandum Agreement, the 2013 OAG Assurance of Discontinuance AOD No.: 14-104 and the <u>Orellana I</u> Order.

101.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she "never" observed her violate any laws yet, decided to follow her.

102.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted there is "no" video evidence to support that she violated any laws.

103.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she did not observe Peña "conceal" any merchandise nor is there "any" video evidence to support "concealment."

104.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she and other members of her team "intentionally" deleted text messages from their "personal" cellular telephones regarding their observations and discussions of Peña.

105.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she and the other team members engage in similar "pattern and practices" during other observations of other patrons.

106.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she and terminated Macy's Loss Prevention Detective Anthony Gordon "discarded" the inventory lists (exculpatory evidence) of clothing handled by Peña that was not stolen.

107.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted she "intentionally" entered terminated Macy's Loss Prevention Detective Anthony Gordon's name as a witness on the Macy's Statement of Admission yet, there is no "credible" evidence he observed anything.

108.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY admitted that she "assumed" Peña "concealed" items in her Louis Vuitton bag in direct violation of General Business Law § 218, Criminal Procedure Law § 140.30 (1)(b)(Arrest without a warrant; by any person; when and where authorized...for any offense (other than a

felony) when the latter has in fact committed such offense in [her] presence and prevailing

Defendant MACY'S INC.'S, apprehension policies.

109.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-

HENRY even had the "audacity" to "tailor" her testimony to suggest that Sergeant Eva Y. Peña

signed the Macy's Statement of Admission, Retail Trespass Complaint Form, New York Civil

Demand Notice Prosecuted and the partially completed Personal Information Form.

110.    Plaintiff EVA Y. PEÑA alleges that frankly, there is no "credible" video evidence

that Defendant SAMANTHA NEWTON-HENRY interacted with her in the holding cell much

less what documents if any she allegedly signed.

111.    Plaintiff EVA Y. PEÑA alleges that on or about July 23, 2022, through counsel

sent the Office of the District Attorney, County of Westchester an email to Assistant District

Attorney Timothy O'Hara, Kristina Dushaj and ToniAnn Gagliardi regarding her legal positions.

112.    Plaintiff EVA Y. PEÑA alleges that she respectfully disagrees that the People

may use a civil investigation provided for merchants under the GBL and GOL to support a

criminal investigation. Certainly, GOL 11-105(12) specifically precludes it. Assuming this

matter goes forward, the legal challenge would be a case of first impression.

113.    Plaintiff EVA Y. PEÑA alleges that secondly, she will not turn over her

"compelled" department interview or the related investigations consistent with (Garrity v New

Jersey, 385 US 493 [1967]).

114.    Plaintiff EVA Y. PEÑA alleges that in Garrity, the Court ruled that the threat of

removal from public office under the forfeiture-of-office statute to induce the petitioners to forgo

the privilege against self-incrimination secured by the Fourteenth Amendment rendered the

resulting statements involuntary and therefore inadmissible in the state criminal proceedings. Pp.

496-500. Moreover, the choice given petitioners either to forfeit their jobs or to incriminate themselves constituted coercion. Pp. 496-498. Also, whether there was a "waiver" is a federal question. P. 498. Finally, where the choice is "between the rock and the whirlpool" (Frost Trucking Co. v. Railroad Comm'n, 271 U.S. 583, 593), the decision to "waive" one or the other is made under duress. P. 498.

115.    Plaintiff EVA Y. PEÑA alleges that therefore, under Garrity, she will not be providing her "compelled" department interview or the related investigations. The Self-Incrimination Clause prohibits the use and derivative use of "compelled" testimony in an American criminal case against [Ms. Peña].

116.    Plaintiff EVA Y. PEÑA alleges that finally, Defendant SAMANTHA NEWTON-HENRY or any other witness the People intends to call (at this point, Ms. Peña does not know who the People intend to call other than Newton-Henry) who had substantial exposure to [Ms. Peña's] "compelled" testimony, it is required under Kastigar v. United States, 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972), to prove, at a minimum, that the witness's review of the "compelled" testimony did not shape, alter, or affect the evidence used by the government.

117.    Plaintiff EVA Y. PEÑA alleges that more importantly, a bare, generalized denial of taint from a witness who has materially altered his or her testimony after being substantially exposed Ms. Peña's "compelled testimony" is insufficient as a matter of law to sustain the prosecution's burden of proof.

118.    Plaintiff EVA Y. PEÑA alleges that thus far she knows that Defendant SAMANTHA NEWTON-HENRY materially altered her testimony at the NYPD disciplinary trial in the Matter of the Police Department City of New York v. Sergeant Eva Y. Peña after a

two and one-half hour "prep period" with NYPD Assistant Department Advocate Penny M. Bluford-Garrett.

119.    Plaintiff EVA Y. PEÑA alleges that after Defendant SAMANTHA NEWTON-HENRY was exposed to Ms. Peña's "compelled" department interview, she materially "tailored" her testimony in an effort to support evidence of guilt against Ms. Peña.

120.    Plaintiff EVA Y. PEÑA alleges that at this point, the People intend to use Defendant SAMANTHA NEWTON-HENRY'S and potentially other witnesses' exposure to Ms. Pena's "compelled" department interview and related investigations to support a criminal prosecution against her in the Yonkers City Court.

121.    Plaintiff EVA Y. PEÑA alleges that under Kastigar, the People are required to prove, at a minimum that Newton-Henry and the other potential witnesses review of Ms. Peña's "compelled" testimony and related investigations did not shape, alter, or affect the evidence to be used.

122.    Plaintiff EVA Y. PEÑA alleges that here, Defendant SAMANTHA NEWTON-HENRY'S account of events before exposure to Ms. Peña's "compelled" department interview was significantly different, and less incriminating and her potential bare, generalized denial of taint would be insufficient as a matter of law to sustain the People's burden of proof.

123.    Plaintiff EVA Y. PEÑA alleges that her "compelled" department interview would be "used" against [her] through evidence provided by Defendant SAMANTHA NEWTON-HENRY a tainted witness, a key cooperator and prominent witness both at trial and other related criminal proceedings.

124.    Plaintiff EVA Y. PEÑA alleges that Defendant SAMANTHA NEWTON-HENRY'S tainted testimony would be significant, because she provided the only first-hand

eyewitness account that would refute Ms. Peña's central argument for acquittal, and therefore would not be harmless beyond a reasonable doubt.

125.    Plaintiff EVA Y. PEÑA alleges that therefore; we can safely predict the People's central witness Defendant SAMANTHA NEWTON-HENRY would be precluded under Kastigar.

126.    Plaintiff EVA Y. PEÑA alleges that as she previously suggested, the People State of New York v. Eva Y. Peña must be immediately dismissed.

127.    Plaintiff EVA Y. PEÑA alleges again, the People "intentionally" ignored her suggestion.

128.    Plaintiff EVA Y. PEÑA alleges that therefore; she intends to file a Motion to Dismiss and in the alternative a Motion for a Kastigar Hearing to preclude the testimony of Defendant SAMANTHA NEWTON-HENRY and the disclosure and use of the entire internal NYPD internal investigation regarding these matters under Garrity.

129.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### VIOLATION OF THE CONTRACT CLAUSE
### Make and Enforce Contracts
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

130.    Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 129 and incorporates them by reference as Paragraphs 1 through 129 of Count I of this Complaint.

131.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN but for her race, "intentionally" interfered with her equal right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship as enjoyed by White citizens of the United States.

132.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

133.    Plaintiff EVA Y. PEÑA alleges that because of Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred

medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT II**
**VIOLATION OF THE CONTRACT CLAUSE**
**Protection Against Impairment**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

134.    Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 133 and incorporates

them by reference as Paragraphs 1 through 133 of Count II of this Complaint.

135.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN but for her race, "intentionally" interfered with her equal right to protect against

impairment by nongovernment discrimination and impairment under the color of State law as

enjoyed by White citizens of the United States.

136.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of

Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.;

ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed

a crime committed in their presence or probable cause in the Yonkers City Court which led the

Police Department City of New York to suspend, then modify her duties, fail to promote her to the

position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

137.   Plaintiff EVA Y. PEÑA alleges that because of Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT III**
**VIOLATION OF THE CONTRACT CLAUSE**
**Property Rights of Citizens**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1982**

138.   Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 137 and incorporates them by reference as Paragraphs 1 through 137 of Count III of this Complaint.

139.   Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN but for her race, "intentionally" interfered with her equal right as all citizens of the United States, as is enjoyed by White citizens thereof to inherit, purchase, lease, sell, hold, and convey personal property.

140.   Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

141.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT IV**
**VIOLATION OF THE FOURTH AMENDMENT**
**FALSE ARREST**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

142.    Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 141 and incorporates them by reference as Paragraphs 1 through 141 of Count IV of this Complaint.

143.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN under color of law, personally interfered with and deprived her of her constitutional rights.

144.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.;

ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed

a crime committed in their presence or probable cause in the Yonkers City Court which led the

Police Department City of New York to suspend, then modify her duties, fail to promote her to the

position of Lieutenant, Police Department City of New York with the recommendation to terminate

her employment.

145.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical

and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT V**
**VIOLATION OF THE FOURTH AMENDMENT**
**MALICIOUS PROSECUTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

146.    Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 145 and incorporates

them by reference as Paragraphs 1 through 145 of Count V of this Complaint.

147.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN under color of law, personally interfered with and deprived her of her constitutional

rights.

148.     Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of

Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.;

ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed

a crime committed in their presence or probable cause in the Yonkers City Court which led the

Police Department City of New York to suspend, then modify her duties, fail to promote her to the

position of Lieutenant, Police Department City of New York with the recommendation to terminate

her employment.

149.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical

and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT VI**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

150.     Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 149 and incorporates

them by reference as Paragraphs 1 through 149 of Count VI of this Complaint.

151.     Plaintiff EVA Y. PEÑA alleges that Defendant THE CITY OF YONKERS

through its agents Defendants' PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN caused her injuries.

152.     Plaintiff EVA Y. PEÑA alleges that Defendant THE CITY OF YONKERS through its agents Defendants' PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN actions of implementing 'official and un-official' policies of supporting false arrests and malicious prosecutions of similarly situated individuals, but for their race, without having observed a crime committed in their presence or probable cause in Yonkers City Court.

153.     Plaintiff EVA Y. PEÑA alleges that Defendant THE CITY OF YONKERS through its agents Defendants' PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein sustain damages.

**COUNT VII**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS**
**Depriving Persons of Rights or Privileges**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)**

154.     Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 153 and incorporates them by reference as Paragraphs 1 through 153 of Count VII of this Complaint.

155.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN under color of law, personally interfered with and deprived her of her constitutional rights.

156.     Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed

a crime committed in their presence or probable cause in the Yonkers City Court which led the

Police Department City of New York to suspend, then modify her duties, fail to promote her to the

position of Lieutenant, Police Department City of New York with the recommendation to terminate

her employment.

157.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical

and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT VIII**
**VIOLATION OF EQUAL PROTECTION IN PUBLIC ACCOMODATIONS**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

158.    Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 157 and incorporates

them by reference as Paragraphs 1 through 157 of Count VIII of this Complaint.

159.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN but for her race, violated her equal protection rights in places of public accommodation

as a longtime customer of Defendant MACY, INC., particularly the retail location inside of the

Cross County Mall 800 Central Park Avenue, Suite No.: 1 Yonkers, N.Y. 10704.

160.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of

Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.;

ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-

HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and

SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed

a crime committed in their presence or probable cause in the Yonkers City Court which led the

Police Department City of New York to suspend, then modify her duties, fail to promote her to the

position of Lieutenant, Police Department City of New York with the recommendation to terminate

her employment.

161.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical

and legal expenses, and out of pocket expenses for telephone, postage, and other costs of

pursuing the claims herein.

**COUNT IX**
**VIOLATION OF EQUAL PROTECTION IN PUBLIC ACCOMODATIONS**
**IN VIOLATION OF**
**NEW YORK CIVIL RIGHTS LAW § 40-c**

162.     Plaintiff EVA Y. PEÑA re-alleges Paragraphs 1 through 161 and incorporates

them by reference as Paragraphs 1 through 161 of Count IX of this Complaint.

163.     Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY

PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY;

THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN

MARTIN but for her race, violated her equal protection rights in places of public accommodation

as a longtime customer of Defendant MACY, INC., particularly the retail location inside of the

Cross County Mall 800 Central Park Avenue, Suite No.: 1 Yonkers, N.Y. 10704.

164.    Plaintiff EVA Y. PEÑA alleges that, as a former loyal longtime customer of Defendant MACY'S INC., but for her race, in joint participation Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN falsely arrested her and is maliciously prosecuting her without having observed a crime committed in their presence or probable cause in the Yonkers City Court which led the Police Department City of New York to suspend, then modify her duties, fail to promote her to the position of Lieutenant, Police Department City of New York with the recommendation to terminate her employment.

165.    Plaintiff EVA Y. PEÑA alleges that Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS; CHRISTINA ZENKEWICH and SHAWN MARTIN'S conduct she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## JURY TRIAL

166.    Plaintiff EVA Y. PEÑA demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff EVA Y. PEÑA demands compensatory and punitive damages from Defendants' MACY'S INC.; ALEKSEY PREZENCHUK; BRIAN SWIFT; DIVINDRA PERSAUD; SAMANTHA NEWTON-HENRY; THE CITY OF YONKERS; PATRICK CURTIS;

CHRISTINA ZENKEWICH and SHAWN MARTIN jointly and severally, in an amount to be

determined at trial, plus available statutory remedies, both legal and equitable, interests and

costs.

Dated:  September 3, 2022
New York, N.Y.

Respectfully submitted,

By:

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com